UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Andy Kim Dang,                                                  Civ. No. 24-4256 (PAM/DLM)

          Plaintiff,

v.                                                                                           **ORDER**

PennyMac Loan Services, LLC, and
Federal National Mortgage Association,

          Defendants.

      This matter is before the Court on Plaintiff Andy Kim Dang's Motion for a Temporary Restraining Order. For the following reasons, the Motion is denied.

**BACKGROUND**

      In April 2017, Plaintiff executed a mortgage recorded against real property located at 4180 Xenwood Avenue South, St. Louis Park, Minnesota 55416. (Am. Compl. (Docket No. 1-1) ¶ 17; Decl. of Kevin Dobie ("Dobie Decl.") (Docket No. 52), Ex. A at 6–7.[1]) In June 2020, the mortgage was assigned to Defendant PennyMac Loan Services, LLC. (Dobie Decl., Ex. A. at 6.) Financial difficulties led Plaintiff to file Chapter 13 bankruptcy petitions in 2020 and 2024. (Am. Compl. ¶¶ 27, 34; Dobie Decl., Ex. A at 6.) PennyMac initiated foreclosure proceedings on the property, and it was sold at auction on April 25, 2024, to Defendant PennyMac Loan Services, LLC. (Am. Compl. ¶¶ 138-39; Dobie Decl. ¶ 4, Ex. A. at 6.) In July 2024, PennyMac conveyed the Sheriff's Certificate of Sale to

---

[1]    Because the exhibits in Docket No. 52 are not individually paginated, the page number refers to the ECF page number.

Defendant Federal National Mortgage Association ("FNMA"). (Dobie Decl., Ex. B at 25–26.)

On October 23, 2024, Plaintiff filed a lawsuit against PennyMac in state court and sought a temporary restraining order to "set aside [the] mortgage foreclosure sale of real property in Hennepin County and to enjoin Defendants from evicting Plaintiff from said real property until his action to set aside the mortgage foreclosure sale of his home can be determined." (Docket Nos. 1-5, 1-7 at 1.) The state court denied the motion on October 25, 2024, in part because "PennyMac conveyed its interest in the sheriff's certificate" to FMNA and thus could not initiate eviction proceedings against Plaintiff. (Docket No. 1-13 at 4.) That same day, the redemption period ended without Plaintiff redeeming his property. (Dobie Decl., Ex. A at 7.) Also on October 25, 2024, Plaintiff filed an Amended Complaint, adding FNMA as a Defendant. (Am. Compl.)

Defendants removed the action to federal court. (Docket No. 1.) The Amended Complaint raises claims for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(k)(1)(E), violations of dual tracking under Minn. Stat. § 582.043, subd. 6(d)(1), negligent and fraudulent misrepresentations, breach of contract, and promissory estoppel, and seeks declaratory and injunctive relief.

In May 2025, FNMA filed an eviction action against Plaintiff in Hennepin County. (Dobie Decl. ¶ 5, Ex. B at 25–26.) On September 25, 2025, the state court entered an eviction judgment in favor of FMNA and subsequently issued a Writ of Recovery of Premises and Order to Vacate the property. (Id. ¶¶ 7, Exs. C, D.)

The same day, September 25, 2025, Plaintiff filed the instant Motion for a temporary restraining order to enjoin Defendants from "requesting or taking any action to request a writ of recovery in the state eviction case" and further enjoin the Hennepin County Housing Clerk "from issuing any writ of recovery" and the Hennepin County Sheriff "from executing or enforcing any writ of recovery." (Docket No. 36 at 1.)

**DISCUSSION**

The Anti–Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Act "is a necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts." Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988). Preventing federal courts from intervening in state court proceedings "is important to make the dual system work effectively." Id. The three exceptions to the Anti–Injunction Act are "narrow and are not to be enlarged by loose statutory construction." Smith v. Bayer Corp., 564 U.S. 299, 318 (2011) (quotation and citation omitted).

The Court is unaware of any Act of Congress authorizing federal courts to stay pending state court eviction proceedings, and Plaintiff has not referenced any. See Badrawi v. Wells Fargo Home Mortg., Inc., Civ. No. 12-128, 2012 WL 777338, at *2 (D. Minn. Mar. 8, 2012) (Frank, J.). So, the first exception to the Act does not apply. The second exception also does not apply "because this Court has not yet entered a judgment, [so] it cannot be argued that an exception applies in order to 'protect or effectuate' a judgment." Id. The

3

third exception applies when it may be "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." No such interference has occurred here, rendering the final exception inapplicable. Therefore, the Act bars from the Court from issuing a temporary restraining order. See Witthuhn v. Nationstar Mortg., LLC, Civ. No. 13-680, 2013 WL 12155786, at *1 (D. Minn. Apr. 3, 2013) (Ericksen, J.) (citations omitted).

Because the Anti-Injunction Act prohibits the relief that Plaintiff seeks, the Court need not reach the Dataphase factors to consider whether a temporary restraining order is appropriate here. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 111 (8th Cir. 1981). Even if the Act did not prohibit the Court from granting Plaintiff's Motion, Plaintiff has not offered any argument in support of the relief he seeks. Thus, the Court denies Plaintiff's Motion for a Temporary Restraining Order.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Plaintiff's Emergency Motion for Temporary Restraining Order (Docket No. 36) and Supplemental Motion for Temporary Restraining Order (Docket No. 47) are **DENIED**.

Dated: October 8, 2025

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge